UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MORRIS C. WILLIAMS, JR.,**

   **Plaintiff,**

v.             Case No: 6:22-cv-340-RBD-DCI

**WASTE PRO OF FLORIDA, INC.,**

   **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Unopposed Motion to Award Attorneys' Fees (Doc. 29)
>
> **FILED:**  August 16, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I. Background**

The Court previously dismissed the instant action with prejudice and directed the Clerk of Court to close the case. Doc. 28.[1] Plaintiff now moves the Court for a determination as to whether Plaintiff is entitled to an award of attorney fees and costs against Defendant pursuant to 29 U.S.C. § 216(b) and Local Rule 7.01(b). Doc. 29 (the Motion). Plaintiff states that reimbursement for all reasonable attorney fees incurred in this FLSA case is appropriate and, if the Court grants the

---

[1] The Court stated in a footnote that the issue of attorney fees and costs does not affect the reasonableness of settlement and the parties need not file an application with the Court if the parties come to an agreement on that issue. Doc. 28 at 2 n.2.

Motion, Plaintiff intends to file a motion under Local Rule 7.01(c) to seek a determination on the amount. *Id*. at 8. Plaintiff represents that "Defendant's counsel does not oppose this motion for fee entitlement only." *Id*. at 9.

For the reasons stated herein, the undersigned recommends that the Motion be granted.

## II. Discussion

"Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs." *Laney v. BB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) (quoting *Kreager v. Solomon & Flannagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985)). To have prevailed, a party must have obtained either a judgment on the merits or a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Hum. Res.*, 532 U.S. 598, 607 (2001). Courts have found that a party can prevail through an offer of judgment. *See e.g.*, *Zaragoza v. Sandford-Orlando Kennel Club, Inc.*, 2008 WL 2700074, at *2 (M.D. Fla. June 17, 2008) ("By virtue of the offer of judgment that Plaintiff accepted and judgment that was rendered. . ., Plaintiff is the prevailing party; thus, she is entitled to an award of reasonable attorney's fees."), *report and recommended adopted by*, 2008 WL 2700074, at *1 (M.D. Fla. July 9, 2008); *Maranon v. Appliance Direct, Inc.*, 2008 WL 151891, at *2 (M.D. Fla. Dec. 21, 2007) (noting that the parties did not dispute that the plaintiff in an FLSA action was the prevailing party and entitled to fees and costs having accepted an offer of judgment for the full value of the overtime claim); *Rivera v. Waste Pro of Fla., Inc.*, 2022 WL 2490505, at *1 (M.D. Fla. June 21, 2022) (finding that a party can prevail for purposes of § 216(b) through a "settlement in the form of an offer of judgment.") (citations omitted), *report and recommendation adopted by*, 2022 WL 2464473 (M.D. Fla. July 6, 2022).

Here, Plaintiff accepted Defendant's Offer of Judgment in the amount of $1,000.00, exclusive of attorney fees and costs. Doc. 29. The Court approved the agreement as fair and

reasonable and dismissed the case with prejudice. Doc. 28 at 2. As such, Plaintiff and the undersigned agree that Plaintiff—as the prevailing party in this action to enforce the provisions of the FLSA—is entitled to an award of attorney fees and costs pursuant to § 216(b). The undersigned notes, however, that this recommendation is limited to the issue of entitlement under Local Rule 7.01(b) and does not include a finding as to the amount of fees and costs, which should be determined upon consideration of a supplemental motion filed pursuant to Local Rule 7.01(c).[2] Indeed, according to the Motion, there appears to be a dispute as to whether the fees and costs Plaintiff incurred in a decertified action are recoverable here, and the issue will be more fully briefed in Plaintiff's forthcoming motion for an award of fees and costs. Doc. 29 at 7-8. The undersigned agrees that a determination on the recoverability of specific fees and costs is premature at this juncture.[3]

### III.   Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the Court:

1. **GRANT** the Motion (Doc. 29) and find that Plaintiff is entitled to attorney fees and costs under § 216(b) as the prevailing party; and

2. **DIRECT** the Plaintiff to file a supplemental motion on the amount of the fees and costs within 45 days after the order determining entitlement pursuant to Local Rule 7.01(c).

---

[2] "Within forty-five days after the order determining entitlement, the party claiming fees and expenses must file a supplemental motion" on the amount of the fees the moving party requests. Local Rule 7.01(c).

[3] Plaintiff correctly points out that another United States Magistrate Judge in this District recently determined that it is premature to rule as to whether work performed in the decertified litigation benefited the plaintiff and the issue should be addressed at the second stage of the attorney fee process under Local Rule 7.01(c). *Rivera*, 2022 WL 2490505, at *2. By order July 6, 2022, the district court in *Rivera* adopted the report and recommendation and found that the plaintiff must file a supplemental motion as to the amount of fees and costs requested. *Rivera*, 2022 WL 2464473, at *1.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on August 30, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy